**Francisco Faustino Renoj SAQUIC, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74769.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Francisco Faustino Renoj Saquic, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, John C. Cunningham, Esquire, Ann Carroll Varnon, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Francisco Faustino Renoj Saquic, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Saquic established extraordinary circumstances to excuse his late filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181 (9th Cir.2008). Accordingly, Saquic's asylum claim fails.

Even if Saquic suffered past persecution, the record does not compel reversal of the agency's conclusion that Saquic failed to establish a clear probability of future persecution because of changed

country conditions in Guatemala. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002). Accordingly, Saquic's withholding of removal claim fails. *See id.*

Substantial evidence supports the BIA's denial of CAT relief because Saquic failed to establish it is more likely than not that he will be tortured if he returns to Guatemala. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

We lack jurisdiction to review Saquic's contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Fred Nganga NGUGI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–74801, 07–72771.**

United States Court of Appeals, Ninth Circuit.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted June 16, 2009.*

Filed July 6, 2009.

Fred Nganga Ngugi, San Diego, CA, pro se.

District Director, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Blair O'Connor, Assistant Director, Norah Ascoli Schwarz, Senior Litigation Counsel, Don George Scroggin, Esquire, Trial, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.